UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RICHARD SANDERSON, ET AL., | § | CIVIL ACTION NO. 09-7336 |
| *Plaintiffs* | § § § | |
| v. | § | Section: N |
| SHELL OIL COMPANY, ET AL., | § § § | |
| *Defendants* | § | Magistrate: 4 |

**SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE PUTATIVE CERTIFIED INDUSTRIAL HYGIENIST JOHN SPENCER**

Defendant, Shell Oil Company, individually and as successor in interest to Shell Chemical Corporation, erroneously named "Shell Chemical LP" (hereinafter "Shell") submit this Supplemental Memorandum in Opposition to Plaintiffs' "Motion to Exclude Putative Industrial Hygienist John Spencer" (Rec. Doc. 37) (hereafter "Motion").

Plaintiffs requested leave to file a supplemental memorandum in support of their Motion, which the Court granted. (Rec. Docs. 47, 54). Shell submits this Supplemental Memorandum to respond to certain arguments and representations asserted by Plaintiffs in their supplemental brief.

I. **John Spencer Was *Not* "Excluded From Testifying" in *Lane v. Gasket Holdings, Inc.***

Contrary to Plaintiffs' representation, John Spencer ("Mr. Spencer") was never "excluded from testifying" in *Lane v. Gasket Holdings, Inc.* In his

Supplemental Declaration, Mr. Spencer explains that he did not recognize this case name when initially asked about it by counsel for Shell. Specifically, in the 1990s, he had been retained by an attorney to provide opinions related to Flexitallic products. Because he was not familiar with the company named "Gasket Holdings, Inc.", Mr. Spencer did not recognize the particular case name:

> When counsel for Shell initially asked me about [*Lane v. Gasket Holdings, Inc.*], I responded that I had never worked on a case by that name, and so stated in my initial Declaration. . .
>
> During the 1990s, I was retained by an attorney, Bill Sayers, to provide opinions related to products manufactured by a company named and known to me as Flexitallic. In rendering my opinions, I relied on a study related to asbestos fibers during removal of Flexitallic gaskets. . . Since preparing my initial Declaration, I have learned that the work I did for Bill Sayers in defense of Flexitallic products was related to the *Lane v. Gasket Holdings* case. Because all of my work related to Flexitallic products, I did not recognize the company named "Gasket Holdings, Inc." Since I was not and have never been familiar with "Gasket Holdings, Inc.", I did not recognize the case name "*Lane v. Gasket Holdings, Inc.*" when first asked about it by counsel for Shell in this case. At the time I prepared my initial Declaration, I had no knowledge that Gasket Holdings, Inc. was in any way related to Flexitallic gaskets.

(*See* Supplemental Declaration of John Spencer, para. 3, attached as Exhibit 1). It was on the basis of this honest misunderstanding that Mr. Spencer stated in his initial Declaration that he had not worked on a case entitled *Lane v. Gasket Holdings, Inc.*

Additionally, Plaintiffs' representation that Mr. Spencer was "excluded from testifying" in *Lane v. Gasket Holdings, Inc.* is simply false. Contrary to Plaintiffs' misrepresentation, Mr. Spencer in fact **testified at trial:**

> Contrary to plaintiffs' representation, I was not "excluded from testifying" in the *Lane v. Gasket Holdings* case. Not only was I not excluded, I in fact testified at trial. Specifically, **I testified about asbestos exposure levels related to seven Flexitallic gaskets.** None of this testimony was

> excluded at trial. While testifying, I was also asked about asbestos levels related to removal of pipe covering on Naval destroyers on which I had worked. When I testified at trial, the judge limited my testimony regarding other sources of exposure (including thermal pipe insulation) because I had not worked aboard the specific ship on which the plaintiff had worked (the U.S.S. Holder), and because there was no showing that the pipe covering used on the vessels on which I had worked was the same as that used on the U.S.S. Holder. The judge's ruling had nothing whatsoever to do with my methodology, or with the reliability of my opinions.

(Exhibit 1, para. 4) (emphasis provided).

Plaintiffs also omitted a significant part of the *Lane v. Gasket Holdings, Inc.* decision, presumably because it erodes their argument even further. The basis for the court's ruling was that "**relevant** testimony focuses on **the actual ship** and plaintiff in question, **not on Naval ships in general**." (*See Lane v. Gasket Holdings, Inc.*, at 22). In so holding, the court relied upon a prior state appellate court decision, *Sparks v. Owens-Illinois, Inc.*, 32 Cal. App. 4th 461 (1995), wherein the court applied a similar standard. Plaintiffs' attempt to "make hay" of the ruling in *Lane v. Gasket Holdings, Inc.* is meritless.

II. **Mr. Spencer Was *Not* Excluded From Testifying in *Lavender v. Bayer Corp.*, And The Interlocutory Ruling Holds No Authoritative Value In The Present Case**

Though Plaintiffs did not raise the West Virginia court's interlocutory ruling in *Lavender v. Bayer Corp.* ("*Lavender*) in their original memorandum in support of their Motion, they referenced it for the first time in their supplemental memorandum. For a plethora of reasons – not the least of which is that Mr. Spencer was **not** excluded from testifying in the case – this ruling holds no authoritative value in the present case.

First, it is a fundamental principle that this federal court is not bound by a

West Virginia state court's interlocutory ruling. This unpublished and unreported ruling has not been relied upon by any court in any published or reported decision. Indeed, the judge in another state court case in West Virginia (*Cave v. Exxon Mobil Corporation*) rejected the court's ruling in *Lavender*. Plaintiff in *Cave v. Exxon Mobil Corporation* sought to submit evidence of the ruling in *Lavender*, but the **judge refused to allow any evidence of the ruling**, stating that such evidence would be both misleading and confusing to the jury:

> [Evidence of the ruling in *Lavender*] would be **misleading and confusing to the jury.** The ruling of Judge Karl was interlocutory in nature. **Upon further consideration, Judge Karl may have permitted the testimony at trial.**

(*See* Order in *Cave v. Exxon Mobil Corporation*, Circuit Court of Marshall County, West Virginia, attached as Exhibit 2) (emphasis provided). In his Supplemental Declaration, Mr. Spencer confirmed that he was, in fact, scheduled to testify at trial in *Lavender* following the court's ruling:

> In *Lavender v. Bayer Corp.*, also referenced by plaintiffs, I was **not excluded from testifying**. In fact, following the ruling in *Lavender* cited by plaintiffs, **I was scheduled to testify at trial** regarding other opinions I rendered, including but not limited to benzene exposure, generally. None of those opinions were excluded.[1]

(Exhibit 1, para. 5) (emphasis provided).

The state court's interlocutory ruling in *Lavender* is not binding on this Court. And, Plaintiffs have misrepresented what in fact occurred in the case.

### III. Based Upon Plaintiffs' Rationale, The Opinions Of Their Own Expert,

---

[1] Although Mr. Spencer was ultimately not called to testify, he certainly would have been allowed to testify if he had been called.

### Mr. Nicas, Should Be Excluded

Furthermore, if Plaintiffs are suggesting that Mr. Spencer's opinions in this case should be excluded on the basis that part of his testimony was excluded in an entirely separate case, then the opinions of their own expert industrial hygienist, Mr. Nicas, should be excluded![2]

In *Andrews v. United States Steel Corporation ("Andrews")*, a proceeding in a New Mexico state court, the plaintiff alleged benzene exposure related to various products. Several defendants moved to exclude the testimony of plaintiff's expert, Mr. Nicas, which the court **granted** in its entirety. Specifically, the Andrews court concluded that the testimony and opinion of Mr. Nicas was "based upon insufficient facts or data to support his exposure estimates, and therefore **is unreliable and is excluded.**" (*See* Findings of Fact and Conclusions of Law rendered in *Andrews*, pp. 20-21, attached as Exhibit 3) (emphasis provided).

Plaintiffs have overlooked an inherent and damaging flaw in their argument. In his deposition in the present case, Mr. Nicas conceded that the methodology he used in assessing plaintiff's benzene exposure in *Andrews* (which was struck by the court on the basis it lacked scientific reliablity) was **the same methodology he used to calculate Mr. Sanderson's exposure in this case.** (*See* excerpt of deposition of Mr. Nicas taken on September 8, 2010, attached as Exhibit 4).[3] In the present case, Plaintiffs argue that because [a part of] Mr. Spencer's testimony was excluded in a separate case [*Lavender*],

---

[2] Shell of course does not endorse Plaintiffs' rationale. However, if the mere fact that some other court limited Mr. Spencer's testimony in a case dissimilar to this one is authority for excluding his testimony here, then Dr. Nicas' opinions should most certainly be excluded in this case since the **very same** testimony he seeks to offer has been firmly rejected in *Andrews*. *See* discussion, *infra*.

[3] Mr. Nicas' deposition was only recently taken, and the certification page for the deposition has not yet been prepared by the court reporter.

his testimony should, therefore, be excluded in the present case. Based upon Plaintiffs' rationale, given that Mr. Nicas used the exact same methodology in this case that he used in *Andrews,* and given that the methodology was excluded in *Andrews* as scientifically unreliable, the only logical result is that Mr. Nicas' testimony must be excluded.

### IV. Alleged Bias Is Not An Appropriate Basis for Excluding An Expert's Opinion

To the extent Plaintiffs assert that Mr. Spencer's opinions are somehow biased (which Shell denies), this is not an appropriate basis upon which to exclude an expert's testimony under *Daubert. See Cruz-Vazquez v. Mennonite General Hospital, Inc.,* 2010 WL 2898251 (1st Cir. 2010) (A court performing its "gatekeeper" function in determining the admissibility of expert testimony is limited to evaluating the testimony's reliability and relevance and should not base the admissibility decision on any potential bias by the witness.)

### V. Conclusion

For all of these reasons, and those set forth in Shell's original opposition memorandum, Mr. Spencer's opinions are both scientifically reliable and relevant. Plaintiffs have not provided a single valid reason for excluding his testimony, and Shell respectfully requests that Plaintiffs' Motion be denied in its entirety.

Respectfully submitted:

/s/ Allison N. Benoit
Gary A. Bezet (#3036)
Barrye Panepinto Miyagi (#21794)
Robert E. Dille (#23037)
Allison N. Benoit (#29087)
KEAN MILLER HAWTHORNE D'ARMOND
MCCOWAN & JARMAN LLP

Eighteenth Floor
One American Place
301 Main Street
Baton Rouge, Louisiana 70825
Telephone: (225) 387-0999
Facsimile: (225) 388-9133
Allison.Benoit@keanmiller.com

/s/ Marty Thompson
STAN PERRY
Texas Bar No. 15799920
MARTY E. THOMPSON
Texas Bar No. 24037598
HAYNES AND BOONE, LLP
1221 McKinney, Suite 2100
Houston, Texas 77010
Telephone: (713) 547-2039
Facsimile: (713) 236-5455
**Attorneys for Shell Oil Company**

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all known counsel of record.

/s/ Allison N. Benoit